UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| ANDREW H., | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:18-CV-00499-LEW |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) | |
| Defendant | ) | |

## **ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant requests that I reconsider my recent decision to vacate the final administrative decision and remand for further proceedings because the decision is the product of "three manifest errors of law." Mot. for Reconsideration Mem. at 2. According to Defendant, in this District, a social security claimant who introduces new evidence of impairment after Disability Determination Services consultants have weighed in on the record must demonstrate that the new evidence "would have necessitated a change in the outcome" in order to demonstrate that the consultants' opinions no longer have substantial evidentiary value. *Id.* Defendant asserts that because I wrote that the evidence in question was not "certain" to change the outcome on remand, I should have affirmed the administrative decision. I will discuss this alleged error below. Defendant's other two contentions of error do not deserve further comment and are rejected without discussion.

According to Defendant, "the law in this district requires Plaintiff to affirmatively 'specify what it is about or within each such exhibit that would require the [S]tate-agency physicians to come to a different outcome.'" *Id.* at 4, citing *Bourret v. Colvin*, No. 2:13–

cv–00334–JAW, 2014 WL 5454537, at *4 (D. Me. Oct. 27, 2014) (emphasis supplied by Defendant).[1] Stated otherwise, says Defendant, a claimant must "show that evidence postdating the State agency opinion 'would <u>necessarily</u> have altered th[e] opinion[] in a manner favorable to plaintiff.'" *Id.*, citing *O'Bannon v. Colvin*, No. 1:13-cv-207-DBH, 2014 WL 1767128, at *7 (D. Me. Apr. 29, 2014) (emphasis supplied by Defendant).[2]

Before digging in to this position, I note that the standard of review is whether the Commissioner's decision is supported by substantial evidence, meaning evidence a reasonable mind would accept as adequate to support a conclusion. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In other words, the point of departure is a question of reasonableness. Given the standard of review, a claimant needs to demonstrate that the Commissioner's decision is not reasonable in light of the new evidence. One way to make this showing is to demonstrate that the administrative decision maker – who, like our hypothetical reasonable person, is a layperson untrained in the medical arts – is doing something more than making common-sense judgments about what the new evidence reveals, like "judging matters entrusted to experts." *Id.*; *see also Gordils v. Sec'y of Health*

---

[1] In *Bourret*, Magistrate Judge Rich used this language to emphasize that the claimant needs to point the Court to the specific item(s) of evidence that inform the analysis. I do not read *Bourret* as imposing a standard of review based on absolute proof of a different outcome on remand.

[2] In *O'Bannon*, Magistrate Judge Rich characterized the inquiry as whether one can be "confident" that the new evidence would not have made a difference to the opinions of the non-examining consulting experts. 2014 WL 1767128, at *7 (quoting *Brown v. Barnhart*, No. 1:06-cv-22, 2006 WL 3519308 (D. Me. Dec. 6, 2006)). Subsequently, however, he expressed the inquiry as whether the claimant had demonstrated "what specific evidence … would necessarily have altered [the DDS consultants'] opinions in a manner favorable to the plaintiff." *Id.* (citing "*e.g.*," *Wood v. Astrue*, No. 1:10-cv-243-JAW, 2011 WL 1298460, at *2 (D. Me. Mar. 31, 2011), and *Brown*, *supra*). Judge Rich's report and recommended decision in *Rawson v. Astrue*, No. 1:09-cv-469-JAW, 2010 WL 2923902 (D. Me. July 19, 2010), is to similar effect. However, there it was observed: "Nor are the findings of a state-agency reviewer necessarily deprived of substance" by the new evidence. *Id.* at *2. I would embrace that formulation whole heartedly (i.e., *not* necessarily), because a consultant's opinion is not necessarily undermined by new evidence.

*& Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment.").

In *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136 (1st Cir. 1987), the First Circuit considered a petition for remand based on new evidence submitted after the ALJ issued a decision. Even in that context, the Court observed that the new evidence must be "meaningful – neither pleonastic nor irrelevant to the basis for the earlier decision." *Id.* at 140.[3] The Court concluded the new evidence did not meet the standard because it merely "arrange[d] the factual particles contained in the record in a somewhat different pattern," without offering "new *facts* of any relevance." *Id.* (emphasis in original). The Court explained that "remand is indicated only if, were the proposed new evidence to be considered, the Secretary's decision 'might reasonably have been different.'" *Id.* (quoting *Falu v. Sec'y of Health and Human Servs.*, 703 F.2d 24, 27 (1st Cir. 1983)).

Judge Levy recently applied the same analysis in *Dale W. v. Berryhill*, No. 2:17-cv-213, 2018 WL 4520195 (D. Me. Aug. 15, 2018), where the claimant introduced the new evidence at his hearing, but the judge declined to admit it and made no further mention of it in the decision. *Id.* at *1. Judge Levy vacated the administrative decision where new diagnostic evidence suggested to him that the "decision might have reasonably been

---

[3] A pleonastic opinion, like the one under review in *Evangelista*, is one that uses a new arrangement of words to address the same thing someone else already addressed.

3

different had the new evidence been [considered]." *Id.* at *3 (quoting *Falu v. Sec'y of Health & Human Servs.*, 703 F.2d 24, 27 (1st Cir. 1983)). Magistrate Judge Rich has also applied this standard, including in *Larlee v. Social Security Administration Commissioner*, No. 2:14-CV-00228-JDL, 2015 WL 3400664, at *3 (D. Me. May 27, 2015).[4]

Others share this view and have applied what is, effectively, the same standard when the "new" evidence was part of the record considered by the ALJ.[5] For example, in *Andrews v. Social Security Administration Commissioner*, No. 1:10-cv-293-DBH, 2011 WL 2690413, Magistrate Judge Kravchuk considered evidence of progression of a claimant's degenerative disc disease. She explained why remand was warranted using the following language:

> Although the Judge's assessment of the post-operative record may be accurate, in the absence of an expert opinion sharing this view, the Judge's lay assessment of the new evidence is not substantial evidence of a greater than sedentary work capacity, which is necessary to support the Judge's step 4 finding. The Judge's findings are not conclusive in this situation because he has independently assessed matters entrusted to the experts.

*Id.* at *5 (D. Me. July 8, 2011) (footnote omitted), *aff'd sub nom. Andrews v. Astrue*, 2011 WL 3107784 (D. Me. July 26, 2011). As reflected in *Andrews*, it is not improper for a reviewing judge to conclude that the administrative decision may, ultimately, be consistent

---

[4] Although the Commissioner did not cite *Larlee*, I note that in *Larlee*, the claimant presented evidence she obtained 14 months after the ALJ issued the decision under review, which evidence showed progression in a hip condition. The temporal gap in *Larlee* provides a significant basis for distinguishing the case from this case. On that record, the Court concluded the evidence did not reasonably call into question the ALJ's RFC finding. Obviously, every disability claimant's file is different, and a prior determination based on a different claimant's administrative proceedings and unique medical record has little, if any, precedential force.

[5] Perplexingly, the Commissioner evidently argues the standard should be more demanding when the claimant provides the new evidence in time for the ALJ to consider it.

4

with the new evidence, but nevertheless to remand for further proceedings because the new evidence erodes the ability of a layperson to have confidence in the expert opinions upon which the administrative decision rests. More recently, Magistrate Judge Rich expressed this very idea in *Barry K. F. v. Berryhill*, No. 1:18-cv-00277-LEW (ECF No. 20), where he described the inquiry as whether the new evidence "calls into question [the experts'] conclusions."

The foregoing cases refute the Commissioner's contention that my Decision and Order rests on a manifest error of law. Authority submitted by the Commissioner also undercuts the Commissioner's position. In the unpublished judgment in *Anderson v. Astrue*, No. 13-1001 (1st Cir.), exhibit 1 to the Commissioner's motion, the Court found, based on de novo review of the record, that "[n]o reasonable probability exists that the outcome would be different upon remand." Mot. Reconsideration Ex. 1. (citing *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652 (1st Cir. 2000)). The Court further explained that it found the ALJ's reliance on the non-examining consultants to be supportable where the ALJ "reasonably concluded that the appellant's status had not materially changed." *Id.* Quite clearly, the First Circuit Court of Appeals has embraced a rule of reasonableness and does not hold that a claimant must demonstrate that new evidence will necessarily yield a different outcome on remand.

Defendant's Motion for Reconsideration is DENIED.

**SO ORDERED.**

Dated this 16th day of September, 2019.

/s/ Lance E. Walker
U.S. DISTRICT JUDGE

5